This is an appeal from the district court's ruling dismissing the appeal for lack of prosecution. Basically, we contend that we timely filed a notice of appeal, did not receive any deficiency notices or any briefing schedule, but instead got an OSC rate dismissal for lack of prosecution. We contended that we didn't prosecute the appeal because the appellant was in bankruptcy and had assumed... And if that reason is wrong, then the dismissal is okay, right? No, no. We filed the notice of appeal and basically waited for either a briefing schedule or a deficiency notice to issue from the courts. Neither of those issued for over a year. In fact, it turns out that the district judge originally assigned to the appeal was transitioning out and a new district judge was coming in, so it may have fallen through the cracks. But we contend that we pursued the appeal, prosecuted the appeal to the extent we could, never did not do anything that the appellant court... The order appealed from was... An order quashing subpoenas and sanctions. Okay. And your position on that was... That the subpoenas shouldn't have been quashed and sanctions shouldn't have issued. Because... The subpoenas were properly issued. They had been, in fact, suggested by the trustee that this would be one route for us to get the information that he was going to develop at the 2004 examination. He wouldn't let us attend the examination because he said we didn't... When I provided him with a copy of the 2004 order we did have, he said at that point, well, you can't attend, but you can, if you want, you can subpoena the transcript and the documents, which we did, which he moved to quash along with the debtor. We went into the bankruptcy court, explained this is how we were trying to work with the trustee, and he quashed the subpoenas and issued sanctions. We appealed that, didn't hear anything until we got an OSC rate failure to prosecute a year later, and it was dismissed. But you did not respond timely to that OSC, right? We did. I filed an ex parte application to continue it, and it was denied. The judge wanted an ex parte with more supporting evidence. What wanted you to explain when you issued an order to show cause, why the case shouldn't be dismissed for failure to prosecute, timely file evidence that you're prosecuting the appeal? There was nothing. I mean, we didn't get a briefing schedule or anything. Well, maybe you could have brought that to the attention of the judge in a timely filed response and asked for a briefing schedule. My experience with district courts on appeals and in any appellate process is they tell you when they want the briefs. Is that the way it's done in a bankruptcy appeal to a district court? I don't know the answer. In any appeal, in state court, bankruptcy to district court, district court to this court, the appellate court starts telling you what they want when they want it. Let's take a different tactic. If you felt that the stay, the automatic stay applied, why didn't you seek relief from that? You've got to have one way or the other. If you think it applied, why didn't you seek relief? If you didn't think it applied, then why didn't you respond to the order to show cause? Well, that's a good question. To be candid, we had a number of appeals pending from bankruptcy. We noticed. If this one was stayed because he would, you know, and it was a discovery appeal and relatively small amount of sanctions, it didn't seem like it was in the overall context if we resolved some of the other appeals that were pending. But the bottom line is, counsel, you clearly got the paperwork on the order to show cause. You said you filed the next party notice trying to change the timing or some aspect of it. So you clearly had noticed that the judge was thinking about dismissing this, right? Correct, yeah. So why didn't you respond to give the judge information to show that, in fact, you were prosecuting it? Or if there was a reason for the delay, what that reason was? It seems like you just kind of dropped it. Well, we told the judge when he issued the OSC that this, it was our understanding that the appeal had been stayed because of the debtor's bankruptcy. Then we get to this other issue. Why didn't you then try to get relief from the stay? You could have perhaps even said that to the judge. Your Honor, I'd like you to hold because I'm filing for relief from the stay. It doesn't sound like you did anything. Well, we pointed out that we thought it had been stayed and didn't. And he disagreed. That's right. That's right. Aren't there rules governing timing? In our court, we certainly have rules that govern the timing of filing briefs. There are no rules, local rules, that govern any of that. You normally have a briefing schedule set when you get notice that the record on appeal has been transmitted to the appellate court. You generally get notice when the record has been transmitted, and then the time deadlines start kicking in. And normally, the appellate court will also advise you, the record's been transmitted, you have 30 days from the date of this notice. That's right. See, the thing that's odd is that in responding to the OSC, that's not what was said. I mean, what was said was that you, that wardenals' personal bankruptcy somehow stayed the 2004 examination. And it's a total disconnect. We didn't contend that it stayed the 2004 exam. We contended that it stayed the appeal on the quashing of the 2004 exam. But that was your contention was that the stay applied. Your contention to the district court was not that you didn't have any idea that you were supposed to do anything on the appeal because you hadn't heard from the court yet. That it was that the stay applied. That's right. Well, what I'm saying is you didn't say in response to the OSC, I didn't realize we were supposed to do anything because we were waiting for the record to get up to the district court and for the district court to give us a scheduling order. I didn't say those words, but in our response, we said that we thought nothing was happening on this because of the automatic stay. Okay. I just have one other quick question. Did I understand you correctly a moment ago to say that in your response to the OSC, you didn't think that the sanctions would be all that bad or something like that? Did I understand that correctly? No. I said that the underlying order was to quash the subpoenas and a relatively small monetary sanction. I think it was $2,300 or $2,700. Right. But that was kind of a risk-reward analysis that you went through? With respect to whether it pursued it? No, not at all. I would submit to you that sanctions of any kind suggest that a lawyer is really not following the rules. That's why we appealed it. Right. Okay. Okay. Thank you. Mr. Porter, do you feel compelled to argue something? That's a suggestion that you should make. In case you're not getting it. I will be quiet. The matter just argued will be submitted and we'll – are you still okay to keep going? The finest presentation you've ever made, counsel. I'm just kidding. Effective, though. Wood versus the City of San Diego.
judges: Rymer, Wardlaw, Smith